ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| UCI Services Group, Inc. ) | ASBCA No. 60792 |
| ) | |
| Under Contract No. FA4800-11-R-0001 ) | |

APPEARANCE FOR THE APPELLANT:  Mr. David Isham
                CEO

APPEARANCES FOR THE GOVERNMENT:  Jeffrey P. Hildebrant, Esq.
                 Air Force Deputy Chief Trial Attorney
                Phillip E. Reiman, Esq.
                Capt Ryan P. Payne, USAF
                Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE PROUTY

In this matter we are presented with two competing motions to dismiss without prejudice filed by the respective parties. Consistent with our past practice and there being no good reason to deny appellant's request to withdraw its appeal without prejudice, we grant appellant's motion and deny the government's motion as moot.

PROCEDURAL BACKGROUND

This appeal of a contracting officer's final decision was filed with the Board on 9 September 2016. The government promptly submitted its Rule 4 file to the Board on 29 September 2016. On 8 November 2016, after the Board received from appellant documents that it construed as its complaint, our staff recognized that the government-provided Rule 4 file did not include a signed certification. We directed the government to provide that document or to inform us that it did not exist on or before 29 November 2016. On 18 November 2016, government counsel informed the Board that it did not possess a signed copy of appellant's claim certification.

On 22 December 2016, a Board staff attorney contacted the parties and made them aware of law that requires a signed claim certification for the Board to possess jurisdiction. Mr. Isham, appellant's chief executive officer, who represents appellant *pro se*, requested time to consider his next step, which was agreed to. The same day, Mr. Isham forwarded to the Board a copy of a letter, dated 13 June 2016, which appeared to be a stand-alone document purporting to certify appellant's claim. The Board responded by sending a letter to the parties inquiring whether this letter had

been submitted to the contracting officer prior to the appeal and directing the government to file a briefing on the matter by 30 January 2017.

On 16 January 2017, Mr. Isham sent an email to the Board stating that, "I would like to withdraw my appeal." The government responded with an email the next day stating that it had no objection to the withdrawal of the appeal and that it considered the request to obviate its need for further briefing on the appeal. On 23 January 2017, the staff attorney assigned to this appeal discussed Mr. Isham's request to withdraw the appeal with him and inquired whether he wished to do so with prejudice. Mr. Isham asked for time to consider the matter. On 25 January 2017, Mr. Isham sent an email to the Board explaining that he wished to withdraw the appeal because, "at this time" he did not have the resources to pursue it. He concluded by stating, "therefore, I am withdrawing my appeal without any prejudice." The next day, the staff attorney assigned to this appeal directed the government's attorney to send an email to the Recorder's Office with the government's viewpoint on appellant's request.

Matters became complicated on 27 January 2017, when government counsel sent two emails to the Board. The first email stated that the Air Force "will not object to the Board treating the Appellant's 'withdrawal' as a motion to dismiss without prejudice." The second email, sent a little more than four hours later, included an attached "Joint Motion to Dismiss," which was to be with prejudice. The later email represented that appellant "had objection to a Joint Motion to Dismiss with Prejudice." In a follow up conversation with the Board's staff attorney later that day, government counsel represented that he had meant to state, in the body of his second email, that appellant had "no objection" to a dismissal with prejudice. When contacted by the staff attorney on 1 February 2017, Mr. Isham stated that he had been confused by what government counsel had requested and wished to have a dismissal without prejudice as he had earlier requested. Government counsel, contacted by telephone the same day, reiterated the government's desire for a dismissal with prejudice.

On 9 February 2017, the Recorder's Office sent a letter to the parties summarizing the procedural posture and reminding them that a dismissal for lack of jurisdiction (which would be the grounds for a dismissal for failure to certify the claim) would be without prejudice. The government was then given 21 days to file a motion to dismiss for lack of a certified claim. The government did file such a motion on 15 February 2017, specifying that the appeal should be dismissed for lack of jurisdiction and not arguing that it should be with prejudice. Appellant has not responded to this motion despite a 9 March letter from the Recorder's Office explaining that, if it failed to do so by 30 March 2017, the Board could take action without further input from appellant.

## DECISION

Before the Board are two essentially unopposed motions from the respective parties that both seek the same result by different routes: dismissal of appellant's complaint without prejudice. We grant the first motion requesting this result, appellant's.

As discussed above, Mr. Isham has submitted multiple requests that his appeal be dismissed and that it be done so without prejudice. The government has never opposed the dismissal of the appeal. Only after its first, ambiguous email to the Board on 27 January 2017 stating that the government did not object to our considering Mr. Isham's request to the Board to be a motion for a dismissal without prejudice did the government request that the dismissal be with prejudice. And that request was posited as being supported by Mr. Isham's agreement to a prejudicial dismissal, rather than any law supporting the imposition of that type of dismissal. After Mr. Isham made clear that, whatever government counsel may have believed, he had never intended to agree to a dismissal with prejudice, the government continued to express its preference for a dismissal with prejudice. Whatever the government's preference, it has never provided us a principled opposition to granting appellant's request in full.

The government's subsequently-filed motion to dismiss for lack of jurisdiction, for failure to submit a certified claim, does not give us any reason to deny appellant's request. It is well established that the result of our granting a motion to dismiss for lack of jurisdiction is a dismissal without prejudice. *See Dick Pacific/GHEMM JV*, ASBCA Nos. 55562, 55563, 07-1 BCA ¶ 33,469 at 165,920. Thus, were we to grant the government's motion, we would have the same end result that appellant is seeking.

We were presented with strikingly similar procedural circumstances in the appeal of *TTF, L.L.C.*, ASBCA No. 58494, 13 BCA ¶ 35,343 at 173,463. In *TTF*, like the matter here, the government submitted a motion to dismiss for lack of jurisdiction. *Id.* Appellant responded by making its own motion to dismiss, which the government opposed unless the dismissal were entered with prejudice. *Id.* We decided that, rather than grant the government motion to dismiss, it would be better to simply grant the appellant's motion to withdraw the appeal without prejudice. *Id.* at 173,464. We perceive no basis to depart from the reasonable, common sense approach of *TTF*.

3

Accordingly, appellant's motion to withdraw its appeal is granted and the appeal is dismissed without prejudice. The government's motion to dismiss for lack of jurisdiction is denied as moot.

Dated: 3 May 2017

J. REID PROUTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 60792, Appeal of UCI Services Group, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4